UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:06-CR-0012 CEJ |
| CARL MCINTOSH, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendant Carl McIntosh for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 709 to the United States Sentencing Guidelines.

After pleading guilty to one count of aggravated identity theft and one count of fraudulent use of an unauthorized access device, defendant was sentenced on July 7, 2006, to an aggregate term of imprisonment of 87 months. The defendant is presently serving the sentence of imprisonment in the custody of the Bureau of Prisons.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 709, which amended portions of U.S.S.G. § 4A1.1 and § 4A1.2, the provisions concerning criminal history category and computation of criminal history . As amended, U.S.S.G. § 4A1.2(a)(2) now provides, in pertinent part:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument;

or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Defendant asserts that his criminal history should be re-computed under the amended § 4A1.2(a)(2), and that his sentence should be modified accordingly. Because defendant was sentenced before November 1, 2007, the Court must determine whether Amendment 709 is to be applied retroactively.

Section § 1B1.10(a)(1) of the Sentencing Guidelines provides that a court may, in accordance with 18 U.S.C. § 3582(c)(2), reduce a term of imprisonment when a defendant is serving a term of imprisonment and the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in U.S.S.G. § 1B1.10 (c). Section 1.B1.10 (a)(2) makes clear, however, that a reduction under 18 U.S.C. § 3582(c)(2) is "not authorized" if "none of the amendments listed in subsection (c) is applicable to the defendant."

Relevant to this case, Amendment 709 is not one of the amendments listed in § 1B1.10(c).[1] Therefore, it is not retroactive and is not applicable in this case. See United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008) (per curiam) (holding that Amendment 709 is not given retroactive treatment). There is no legal basis for calculating the defendant's criminal history under the amended version of U.S.S.G. § 4A1.2(a)(2) or under any other provision of the Sentencing Guidelines that differs from those applied at sentencing.

Accordingly,

---

[2]U.S.S.G § 1B1.10 (c) (Supp. 2008) provides: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711, and 715."

**IT IS HEREBY ORDERED** that the motions of Carl McIntosh for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [Docs. # 137 and # 148] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2009.